## McPHERREN v. HOMAN et al.

(Supreme Court, Appellate Division, First Department.   March 6, 1896.)

1. REPLEVIN—SUFFICIENCY OF COMPLAINT.

In replevin, a complaint which alleges that flour was stolen from plaintiff, that he is the owner and entitled to the possession of it, that he has demanded possession thereof from defendant, and that he has refused to deliver it, is sufficient under which to submit the questions of a fraudulent purchase from plaintiff, and the bona fides of a subsequent purchase by defendant.

2. SALE—BONA FIDES OF PURCHASER.

In replevin, where it appears that defendant paid full value for goods bought; that he had no knowledge of the seller's fraudulent possession; that the seller gave a reputable business firm as his reference, which stated that the transaction was all right,—there is a failure to show bad faith on the part of defendant in purchasing the goods.

Appeal from trial term, New York county.

Action by George H. McPherren against Charles M. Homan and others to recover chattels.   From a judgment in favor of plaintiff, and from an order denying a motion for a new trial upon the minutes, defendants appeal.   Reversed.

The action was brought to recover chattels, commonly known as the "action of replevin." The complaint alleged that on or about October 1, 1890, the plaintiff was the owner of, and possessed of, 210 140-pound sacks of flour, of the value of $847.50; that thereafter the flour was stolen from the plaintiff, and taken from his possession without his consent, by some persons to the plaintiff unknown, and that thereafter the flour came into the possession of the defendants, and was wrongfully detained by them; and that the ground of such detention was that the defendants claimed to have purchased it from some persons to the plaintiff unknown. The complaint further alleged that the plaintiff was the owner of the flour, and entitled to the immediate possession thereof, and that the flour and the possession thereof were, before the commencement of the action. duly demanded by plaintiff of the defendant, who refused to deliver the same. The answer contained a general denial of the allegations in the complaint, and alleged that the flour, at the time of the commencement of the action, was the property of the defendant. Upon the trial the plaintiff gave evidence tending to show that he was the owner and in possession of the flour on and prior to October 3, 1890, and on that day shipped the same from Dakota, where he did business, to Robert A. Galt, in New York City; that, Galt not being in a position to handle the flour, the plaintiff changed the consignment to his own order, and then made arrangements by correspondence with one D. B. Smith, who claimed to be located at 101 West Forty-Second street, New York City, to sell him the flour at $5.65 per barrel, and that these arrangements were entirely by correspondence; that the flour was delivered to some one in New York City, and the plaintiff drew a draft for the purchase price of the flour upon D. B. Smith, but this draft was never paid; that the plaintiff came to New York City, and learned that no such person as D. B. Smith had ever done business at 101 West Forty-Second street, but found the larger portion of the flour in the possession of defendants; that, in a conversation between plaintiff and defendants, the defendants claimed to have purchased the flour of a stranger, in good faith, and to have paid the full value therefor,—$697.50; that they refused to surrender possession of the flour to the plaintiff, on demand thereof being made; and that thereupon this action was brought. At the close of the plaintiff's evidence the defendants moved for a dismissal of the complaint on the ground that the plaintiff had failed to prove facts sufficient to constitute a cause of action, or that the flour had been stolen from him. The court held that the defendants could not retain the flour unless they showed they were bona fide purchasers, and thereupon denied the motion, and defendants excepted. The defendants then gave evidence tending to show that they were bona fide purchasers of the flour, and gave its full value therefor,—$697.50. At the close of the evidence the defendants renewed their motion to dismiss the complaint upon the same ground. The court held there was no evidence of the property having been stolen from the plaintiff, but denied the motion; holding that the questions for the jury were whether there was a fraudulent purchase of the flour by Smith from the plaintiff, and whether the defendants were bona fide purchasers, and, if there was such fraudulent purchase, the defendants could only hold the flour by showing they were bona fide purchasers. To this ruling the defendants excepted. The court thereupon submitted the case to the jury, in accordance with the ruling made; and the jury rendered a verdict for the plaintiff, fixing the value of the flour at $697.50, the amount paid by the defendants therefor. There was a motion for a new trial made by defendants, and denied, with exception. A judgment was entered, and this appeal taken.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Samuel Cohn, for appellants.

Nathaniel A. Prentiss, for respondent.

WILLIAMS, J. It was very likely true, as the trial court held, that there was no proof in the case sufficient to establish the fact alleged in the complaint, that the flour was stolen by Smith from

the plaintiff. It was, at most, a case of fraudulent purchase. In any event, the question whether the goods were stolen was not submitted to the jury, and the verdict was not based upon any such finding. It cannot, therefore, be sustained upon that theory. The plaintiff alleged that the flour was stolen, but he also alleged that he was the owner and entitled to the possession of the flour; that he had demanded possession thereof from the defendants, and they had refused to deliver it to him. We think this was a sufficient pleading under which to permit the submission of the case to the jury, as the trial court submitted it, upon the question of a fraudulent purchase and the bona fides of the purchasers,—especially as the defendants in no way specifically objected that the pleading was not sufficient to permit such submission.

We entertain some doubt as to whether there was sufficient competent evidence to authorize a finding by the jury that there was a fraudulent purchase of the flour from plaintiff. However this may be, we are entirely satisfied there was proof upon which the jury should have found the defendants were bona fide purchasers. The defendants testified to their entire good faith. It was found by the jury that they paid full value for the flour. They had no knowledge of the facts constituting the fraud in the purchase, if it existed, and we do not see that the facts and circumstances surrounding their purchase were such as to charge them with notice of such fraud. The defendants did not know the person from whom they purchased, and regarded the price asked as low, and the purchase a good bargain. The man Ross gave R. J. Dean & Co., a reputable business firm, as his reference; and the defendants inquired of R. J. Dean & Co., who said it was all right. Ross told defendants he had purchased the flour by way of a trade. We think the facts were not sufficient to authorize a finding of the jury of bad faith on the part of the defendants in making the purchase of the flour.

Our conclusion is, therefore, that the judgment should be reversed, and a new trial ordered, with costs of the appeal to appellants, to abide event. All concur.